**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4569**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

SAMUEL ANTHONY SPILIOS,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cr-00011-JPB-JPM-2)

_____

Submitted:  May 18, 2023                                Decided:  May 22, 2023

_____

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Anthony Spilios pleaded guilty, pursuant to a written plea agreement, to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  The district court sentenced Spilios to the statutory minimum term of 120 months' imprisonment.  Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but pointing our attention to the Fed. R. Crim. P. 11 colloquy and the sentencing hearing.  Although notified of his right to do so, Spilios has not filed a pro se supplemental brief.  The Government declined to file a brief and has not moved to enforce the appeal waiver in Spilios' plea agreement.[*]  We now affirm.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b).  The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2), (3).  In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated

---

[*] Because the Government has not moved to enforce the appellate waiver, we conduct a full review pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Spilios did not move to withdraw his guilty plea, we review the validity of his plea only for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To demonstrate plain error, Spilios must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pleaded guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Spilios' guilty plea is valid.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Sentencing Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up)). In performing that review, we must first determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine

3

whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Although the district court's explanation for Spilios' sentence was brief, we are satisfied that it was adequate. Moreover, we note that any procedural error was harmless, given that the court imposed the statutory mandatory minimum sentence. Therefore, we conclude that Spilios' 120-month sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Spilios, in writing, of the right to petition the Supreme Court of the United States for further review. If Spilios requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Spilios. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4